# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JOHN ANGLE,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0970** (BOR Appeal No. 2054210)
(Claim No. 2019001722)

**CITY OF HUNTINGTON,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Angle, by Counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). City of Huntington, by Counsel Scott K. Sheets, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on August 15, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 10, 2019, Order. The Order was affirmed by the Board of Review on September 25, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Angle, a firefighter, asserts that he developed post-traumatic stress disorder and compassion exhaustion disorder as a result of his over twenty years of work. The June 15, 2018, Employees' and Physicians' Report of Injury indicates he developed post-traumatic stress disorder with physical manifestations as a result of years of employment as a firefighter. The physician's section diagnosed occupation-related post-traumatic stress disorder. The claims administrator rejected the claim on August 15, 2018.

In a November 27, 2018, deposition, Mr. Angle testified that he filed a workers' compensation claim for post-traumatic stress disorder and compassion exhaustion disorder caused

1

by witnessing deaths and other disturbing incidents as a firefighter. He stated that the opioid epidemic multiplied the number of calls to which he responded. He estimated that he goes on about 4,000 calls a year. Mr. Angle testified that he experiences difficulty sleeping, nightmares, irritability, mood swings, and a lack of compassion. He stated that he has been treated by Deborah Stultz, M.D., a psychiatrist. He denied any prior diagnosis of post-traumatic stress disorder. On cross-examination, Mr. Angle denied any particular physical injury that caused his post-traumatic stress disorder.

The Office of Judges affirmed the claims administrator's rejection of the claim in its April 10, 2019, Order. It noted that West Virginia Code § 23-4-1F provides that

> no alleged injury or disease shall be recognized as a compensable injury or disease which was solely caused by nonphysical means and which did not result in any physical injury or disease to the person claiming benefits. It is the purpose of this section to clarify that so-called mental-mental claims are not compensable under this chapter.

The Office of Judges found Mr. Angle's counsel argued that he developed post-traumatic stress disorder as a result of physical events including efforts to save people in burning buildings and the recovery of bodies. Mr. Angle relied on *United Parcel Service, Inc. v. Jay Hannah*, No. 11-1527, 2013 WL 5777878 (W. Va. Oct. 25, 2013) (memorandum decision). In that case, the claimant was kidnapped while delivering packages. We found that the claimant suffered a physical manifestation of his injury and held the claim compensable for post-traumatic stress disorder. The Office of Judges determined that the case at bar was distinguishable from *Hannah*.

In *Hannah,* the claimant was kidnapped, stripped of his keys, forced to drive the kidnapper toward the police station, had a gun fired near him, and had to run from a shootout and hide behind a building. The Office of Judges found that unlike in the case at issue, Mr. Hannah suffered a personal attack, and his post-traumatic stress disorder developed from a single incident. In the case at bar, Mr. Angle alleges that he developed post-traumatic stress disorder due to years of work as a firefighter. The Office of Judges further determined that Mr. Angle has been diagnosed with obstructive sleep apnea, which could very well be the cause of his alleged physical manifestations. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 25, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Mr. Angle alleges that he developed post-traumatic stress disorder and compassion exhaustion disorder as a result of years of work as a firefighter. He testified that he developed difficulty sleeping, nightmares, irritability, mood swings, and a lack of compassion, in the course of and resulting from his employment, yet he also denied that any particular injury caused his post-traumatic stress disorder. All of Mr. Angle's symptoms, and the requested diagnoses, were caused by nonphysical means and did not result in any physical injury or disease. Pursuant to West Virginia Code § 23-4-1F, the claim was properly denied.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison